UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA JAMES ENLOE, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 1:22-cv-01831 (UNA) |
| JEFF HENKE, et al., | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of petitioner's *pro se* petition for writ of habeas corpus, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. Petitioner is a state prisoner and, according to him, a pre-trial detainee, currently designated to the Webster County Jail, located in Marshfield, Missouri. He sues several members of the Cooper County Missouri Sherriff's Office.

The petition is difficult to follow. As far as it can be understood, it first appears that petitioner seeks his immediate release from custody. However, "[a] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see also Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief"). Therefore, this District lacks jurisdiction over any § 2241 claims.

Second, it appears that petitioner challenges his pending criminal charges in Missouri state court, but this court cannot intervene in petitioner's criminal proceedings, due to "the fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S.

37, 46. (1971). Nor would this District be the appropriate venue to do so, and its ability to exercise personal jurisdiction over the named respondents is equally unestablished. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a).

And to whatever extent petitioner has already been convicted, and challenges an existing conviction and/or sentence, federal court review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Consequently, this court also lacks jurisdiction over any § 2254 claims.

Finally, it appears that petitioner challenges determinations in other civil cases that he filed in the United States District Court for the District of Missouri. However, this court lacks subject matter jurisdiction to review the decisions of other federal courts. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) (finding it "axiomatic" that a federal court may order judges or officers of another federal court "to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

Petitioner has also filed two motions for emergency relief, ECF Nos. 9, 10, which, as far as they can be understood, raise all of the same arguments as those contained in the petition, therefore, those motions fail for the same above-stated reasons.  In those motions, petitioner also appears to demand his transfer to another state facility, but it is well settled that an inmate generally has no liberty interest in his designation to a particular correctional facility, *see Olim v. Wakinekona*, 461 U.S. 238, 245 (1983), and insofar as he challenges the conditions of the state facilities where he is, and has been, detained, this venue is improper, *see* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a).  Finally, petitioner has established no connection whatsoever between any such claims and this District.

For the stated reasons, petitioner's IFP application is granted, and this matter is dismissed without prejudice.  The two motions for emergency relief are denied and petitioner's pending motion for appointment of counsel, ECF No. 7, is denied as moot. A separate order accompanies this memorandum opinion.

DATE: October 5, 2022                                              _____ s/s_____
                                                                                    COLLEEN KOLLAR-KOTELLY
                                                                                    United States District Judge